# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD D. GAINEY, | ) | CASE NO. 5: 19 CV 2436 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | <u>ORDER ADOPTING REPORT</u> |
| | ) | <u>AND RECOMMENDATION</u> |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge Kathleen B. Burke. Magistrate Judge Burke recommends reversing the Commissioner of Social Security's ("Commissioner") decision denying Mr. Gainey's application for Disability Insurance Benefits ("DIB") and remanding the matter for further vocational expert testimony based on a hypothetical question or questions that completely and accurately describe the noise limitation included in the RFC by the ALJ. (ECF #18). Following the issuance of the Report and Recommendation, the Commissioner filed an Objection to the Report and Recommendation (ECF #19) and Plaintiff filed a Response to Defendant's Objection. (ECF #20)

The Court has reviewed *de novo* those portions of the Magistrate Judge's Report and Recommendation to which objection has been made. *See* FED. R. CIV. P. 72(b). Magistrate Judge Burke's Report and Recommendation is well-supported and correct. The Administrative Law Judge ("ALJ") included in her Residual Functional Capacity ("RFC") assessment a limitation indicating that Mr. Gainey "must avoid ... moderate noise" but did not include this limitation in the hypothetical question to the Vocational Expert. Instead, the hypothetical

question upon which the ALJ relied, said that the hypothetical individual could have "only moderate exposure to noise." An ALJ is required to follow a five step sequential analysis in order to make a disability determination. See 20 C.F.R. § 404.1520. While the claimant bears the burden of proof at Steps 1-4, the burden shifts to the Commissioner at Step 5 to establish whether the claimant has the RFC and vocational factors to perform work available in the national economy. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997). To satisfy his burden at Step 5, the Commissioner must make a finding "supported by substantial evidence that Plaintiff has the vocational qualifications to perform specific jobs." *Varley v. Sec'y of Health & Human Services*, 820 F.3d 504, 516-17 (6th Cir. 2010). While 'substantial evidence' may be produced through reliance on a vocational expert in response to a hypothetical question, the hypothetical question must accurately portray the claimant's limitations. *Id.*

Magistrate Judge Burke found that the ALJ's reliance on VE testimony offered in response to a hypothetical question that did not include that Plaintiff "must avoid ... moderate noise," was an error that was not harmless and required her to find that the ALJ's Step 5 determination was not supported by substantial evidence. (ECF #18 at 11)

In his Objections, the Commissioner reiterates the same argument that he made in his brief on the merits, namely that the record contains evidence upon which it could be inferred that Plaintiff had no moderate noise limitation. The Commissioner recognizes the mistake made by the ALJ but asks this Court to, in effect, override the ALJ's RFC finding. The Magistrate Judge fully addressed the Commissioner's argument finding, correctly, that the Commissioner's argument was unavailing.

For the reasons set forth in the Magistrate's Report and Recommendation, this Court

agrees that the ALJ's Step 5 determination is not supported by substantial evidence. The Report and Recommendation, (ECF #18), is ADOPTED in its entirety. The Plaintiff's objections are overruled. (ECF #19). The final decision of the Commissioner is REVERSED, and this matter is REMANDED.

    IT IS SO ORDERED.

                                              _/s/ Donald C. Nugent_
                                              DONALD C. NUGENT
                                              United States District Judge

DATED: _September 29, 2020_